# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT SHEDD,<br><br>                    Plaintiff,<br><br>        vs.<br><br>GEORGE A. NEOTTI,<br><br>                    Defendant. | CASE NO. 09CV2065 JLS (POR)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. No. 13.) |

Presently before the Court is Plaintiff's petition for writ of habeas corpus (Doc. No. 1), and Magistrate Judge Porter's report and recommendation recommending the Court deny Plaintiff's petition. (Doc. No. 15.)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note

1  (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

2       Here, Plaintiff has failed to timely file objections to Magistrate Judge Porter's report and
3  recommendation. Having reviewed the report and recommendation, the Court finds that it is
4  thorough, well reasoned, and contains no clear error. Accordingly, the Court hereby (1) **ADOPTS**
5  Magistrate Judge Porter's report and recommendation and (2) **DENIES** Plaintiff's petition for
6  habeas corpus.

7       Finally, this Court is under an obligation to determine whether a certificate of appealability
8  should issue in this matter. A certificate of appealability is authorized "if the applicant has made a
9  substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner
10 satisfies this standard by demonstrating that jurists of reason could disagree with the district court's
11 resolution of his constitutional claims or that jurists could conclude the issues presented are
12 adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327
13 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court must either (1) grant the
14 certificate of appealability indicating which issues satisfy the required showing or (2) state why a
15 certificate should not issue. Fed. R. App. P. 22(b).

16      Plaintiff's petition requests relief from the Board of Parole Hearings' decision denying him
17 parole. The Court finds that reasonable jurists would agree with this Court's resolution of
18 Plaintiff's constitutional claims. There is evidence in the record supporting the Board of Parole
19 Hearings' decision, and this is sufficient to meet the due process requirements. Accordingly, the
20 Court **DENIES** a certificate of appealability.

21      **IT IS SO ORDERED.**

23 DATED: February 1, 2011

24                                           Honorable Janis L. Sammartino
                                           United States District Judge